UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SILVER SCREEN FILMS INC., <br><br>         Plaintiff, <br><br> v. <br><br> HOLLYWOOD MEDIA VENTURE, LLC et al., <br><br>         Defendants. | Case No. 2:22-cv-08901-SB-SSC <br><br> ORDER TO SHOW CAUSE RE SANCTIONS |

  Local Rule 7-3 requires counsel contemplating the filing of a motion to "first contact opposing counsel to discuss thoroughly . . . the substance of the contemplated motion and any potential resolution" at least seven days before the motion is filed. The Court's Standing Order for Civil Cases expands on this requirement, providing that "[i]f the parties are unable to fully resolve the dispute, they shall attempt to narrow the scope of the contested issue(s). Parties must meet and confer in person or by videoconference; email correspondence is insufficient." Dkt. No. 8 at 8. The Standing Order requires the moving party to certify that the parties "met in person or by videoconference, thoroughly discussed each and every issue raised in the motion, and attempted in good faith to resolve the motion in whole or in part," and provides that "[a] motion not supported by [this] certification . . . may be stricken or summarily denied." *Id*. The Standing Order also cautions that "[f]ailure by any party to comply in good faith with the 'meet and confer' requirement shall result in an order to show cause re: sanctions—including, as appropriate, striking or denying the motion, deeming the motion unopposed, and/or awarding monetary sanctions." *Id*.

  Pending before the Court are two motions: (1) a motion for summary judgment filed by Defendant William Abramoff and his law firm, Defendant Burgee and Abramoff, Professional Corporation, Dkt. No. 68, and (2) a motion to

1

disqualify Defendants' counsel filed by Plaintiff Silver Screen Film's Inc, Dkt. No. 67. Neither complies with the Court's Standing Order.

Plaintiff's motion to disqualify asserts that it "was made following the conference of counsel pursuant to Local Rule 7-3, which was initiated on or about October 11, 2023, and concluded on or about October 12, 2023. Dkt. No. 67 at 2. The motion does not state that the parties met or conferred in person or by videoconference or that they thoroughly discussed every issue raised in the motion. To the contrary, Defendants provide a declaration of their counsel—which Plaintiff has not disputed—demonstrating that neither requirement was met:

> On October 11, 2023, I received an email from Plaintiff's counsel seeking to set up a telephone call about his intention to file a motion to disqualify. The email provided no information as to the basis for the motion or why [I] would be a witness.
>
> On October 12, 2023, I had a telephone call with Plaintiff's counsel for about 10 minutes wherein he again stated that he was going to proceed with a motion to disqualify. I told him I could not testify about anything relevant to this action as I was not involved. I asked him why he thought I should be disqualified. Plaintiff's counsel said that I may be a witness without further detail. I therefore told Plaintiff's that I did not believe that a motion to disqualify was supported or appropriate and that bringing such a motion would likely be sanctionable. Plaintiff's counsel stated that he was proceeding with the motion nonetheless.

Dkt. No. 70 at 11 ¶¶ 3–4.

Unlike Plaintiff's motion, Defendants' motion for summary judgment does not claim to have fully complied with Rule 7-3. Instead, Defendants assert that they reached out to Plaintiff to attempt to arrange a time to meet and confer and that Plaintiff's counsel did not respond to the email. Dkt. No. 69 at 4 ¶¶ 3–4. Plaintiff argues that the motion should be denied as procedurally improper because it did not comply with Rule 7-3 or the Court's Order re Motions for Summary Judgment (MSJ Order), which requires the moving party to "arrange for an in-person meeting or videoconference to take place no later than fifty-three (53) days before the motion hearing cutoff" and requires the parties to "thoroughly discuss each issue to be raised and the law and evidence relevant to that issue." Dkt. No. 26 at 3. Plaintiff supports this assertion with a declaration of counsel stating that

"Movants' counsel did not arrange, nor specifically indicate to me, that he was seeking to meet and confer per the MSJ Court Order." Dkt. No. 68-3 at 69 of 80 ¶ 4. But Defendants attach to their motion an email sent by their counsel to Plaintiff's counsel on September 20, 2023—five days before the meet and confer deadline—asking if Plaintiff's counsel had time to talk after a deposition the next day because "[w]e need to have a meet and confer in person or by Zoom regarding a motion for summary judgment by Monday." Dkt. No. 69 at 7. Defendants' counsel then identified the main issues that would be in the motion. *Id*. This email was sent to the same email address from which Plaintiff's counsel emailed defense counsel a week later. *Id*. at 10. Thus, Plaintiff's counsel's assertion in his declaration that Defendants never indicated an intent to meet and confer about the summary judgment motion appears to be mistaken.

The Court has serious concerns about the parties' failure to adequately meet and confer about the substance of the motions—or, more generally, to display the cooperation and professionalism expected of counsel appearing before the Court. The motion for summary judgment reflects the parties' failure to thoroughly discuss their disagreements in good faith. In particular, the parties raise arguments and objections that are unresponsive to the opposing party's points, which could have been avoided through a more thorough discussion of the substance of their disagreements. Their failure to do so unnecessarily burdens the Court, which is now faced with a poorly presented summary judgment motion that does not focus on the issues on which the parties have genuine good-faith disputes.

Although defense counsel could and should have done more to follow up when Plaintiff's counsel did not respond to the first email, the Court is especially concerned by the conduct of Plaintiff's counsel, who (1) asks the Court to strike the motion for summary judgment as procedurally improper when he was the one who prevented Defendants' compliance with the Court's rules by not responding to Defendants' attempt to meet and confer, (2) misrepresented the facts by stating in a sworn declaration that Defendants did not indicate a desire to meet and confer about a summary judgment motion, and (3) filed a motion to disqualify counsel without complying with the Court's rules. Accordingly, Plaintiff is ORDERED to show cause at a hearing on November 17, 2023, at 8:30 a.m. why Plaintiff and its counsel should not be sanctioned for violating the Court's orders. *See* Fed. R. Civ. P. 16(f)(1) (authorizing sanctions on parties and attorney's that disobey a pretrial order). Plaintiff shall file a written response to this order to show cause no later than November 13, 2023.

4

    Consistent with the Court's Standing Order, Plaintiff's motion to disqualify defense counsel is STRICKEN for violating the Court's meet and confer requirements. The Court defers ruling on Defendants' request for sanctions under 28 U.S.C. § 1927. The Court also defers deciding whether to strike the summary judgment motion and order the parties to refile it, grant it as unopposed in light of Plaintiff's noncompliance, or address it on the merits. The Court will hear from the parties at the November 17 motion hearing.

    IT IS SO ORDERED.

Date: November 9, 2023

                                           Stanley Blumenfeld, Jr.
                                           United States District Judge